Receipt Number
38797

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KATHERINE ELWELL,

    Plaintiff,

-vs-

FAMILY NURSE CARE, LLC,
FAMILY NURSE CARE II, LLC,
FNC ACQUISITION, LLC, and
U.S. MEDICAL MANAGEMENT, INC.,
jointly and severally,

    Defendants.
_____/

Case: 2:06-cv-14532
Assigned To: Feikens, John
Referral Judge: Majzoub, Mona K
Filed: 10-16-2006 At 04:21 PM
CMP ELWELL VS FAMILY NURSE CARE ET AL (LE)

Barry S. Fagan (P34275)
DIB, FAGAN AND BRAULT, P.C.
Attorney for Plaintiff
25892 Woodward Avenue
Royal Oak, MI 48067-0910
(248) 542-6300
bfagan@dibandfagan.com
_____/

## COMPLAINT

There is no other pending or resolved civil action
arising out of the transaction or occurrence
alleged in the Complaint.

NOW COMES Plaintiff, KATHERINE ELWELL, by and through her attorneys, DIB, FAGAN AND BRAULT, P.C., and for her cause of action against the Defendants, jointly and severally, states as follows:

## COMMON ALLEGATIONS

1.    Plaintiff is a resident of the City of Howell, County of Livingston, State of Michigan.

2. Defendants FAMILY NURSE CARE, LLC, FAMILY NURSE CARE II, LLC, and FNC ACQUISITION, LLC are Michigan Limited Liability Corporations doing business as PINNACLE SENIOR CARE (hereinafter "PINNACLE") and at all times pertinent hereto conducted business in the County of Oakland, State of Michigan.

3. Defendant U.S. MEDICAL MANAGEMENT, INC. (hereinafter "MEDICAL") is a Michigan Corporation with its principal place of business in the County of Oakland, State of Michigan.

4. Defendants are engaged in the home health care business.

5. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 (Federal question), 31 U.S.C. § 3730 (h) and 28 U.S.C. § 1367 (supplemental).

## GENERAL ALLEGATIONS

6. Plaintiff became an employee of Defendants on May 1, 2006 and was hired as the Rehabilitation Director for FAMILY NURSE CARE.

7. Plaintiff's responsibility was to oversee the operation of the physical therapy aspect of the business.

8. Defendants contract with Medicare to treat Medicare patients and in order to be reimbursed must follow certain procedures and submit appropriate documentation.

9. In order to obtain Medicare reimbursement, the appropriate procedure to be followed is that a physician refers a patient to Defendants

for one visit for the purpose of evaluating the patient and determining the need for physical therapy services.

10. The physical therapist is then required to evaluate the patient and develop a plan of care. Once a plan of care is developed, the physician then is to sign an order authorizing the plan of care.

11. In order to obtain Medicare reimbursement, a form 485 must be submitted to Medicare.

12. After Plaintiff became the Rehabilitation Director for Defendants, she learned that Defendants were not following the proper procedure for Medicare reimbursement, and specifically were failing to develop a written plan of care and failing to obtain physician orders for treatment.

13. Plaintiff learned that Defendants were attempting to create documentation after physical therapy services had been provided, including the development of a plan of care as well as obtaining orders from physicians.

14. On or about July 13, 2006, Plaintiff was directed by Defendants to have a physical therapist prepare evaluations on patients that had already received physical therapy treatment. Plaintiff was directed to have the physical therapist prepare the evaluations, even though the physical therapist had not treated the patients.

15. Plaintiff responded by indicating that she would not have a physical therapist prepare an evaluation for a patient that the therapist did not treat or require a therapist to create documentation after the fact.

16. Plaintiff was also asked to sign a document known as a form 485, for Medicare billing purposes, on patients that had already been treated.

17. Plaintiff indicate that she would not sign such documents, as it was inappropriate for her to do so and, in addition, she was not even an employee of Defendants at the time of the treatment in question.

18. On July 13, 2006, Plaintiff contacted the Vice President of Operations for Defendants and told her that she wanted to meet the following week to discuss her concerns regarding fraudulent billing practices and creating documents after the fact.

19. On July 18, 2006, Plaintiff had a conversation with Pam Maxwell, Branch Director of FAMILY NURSE CARE, in which, Plaintiff was told that the data entry employees for Defendants had been trained to indicate on forms for Medicare billing purposes that all therapy cases were scheduled to make ten or more visits, even if that was not contemplated, for billing purposes. In response, Plaintiff indicated that Defendants could not state that every therapy case would be ten or more visits because that would be false and that based upon patient status, there were instances where they would not need and therefore qualify under Medicare parameters for ten or more visits.

As a result, Plaintiff indicated that she would not authorize representing that a patient would need ten or more visits unless it was warranted.

20. Later that day, Plaintiff met with the Vice President of Operations for Defendants and was informed that she was being terminated because Defendants allegedly had decided to eliminate her position.

## COUNT I
## VIOLATION OF 31 U.S.C. § 3730(h)

21. Plaintiff incorporates paragraphs 1 through 20 of the complaint as if specifically repeated herein.

22. Pursuant to § 3730(h) of the False Claims Act:

> "An employee who is discharged, demoted, suspended, threatened, harassed, or any other manner discriminated against in the terms or conditions of employment by his or her employer because of lawful acts done by the employee on behalf of the employee or others in furtherance of an action under the section, including investigation for, initiation of, testimony for, or assistance in an action filed or to be filed under this section, shall be entitled to all relief necessary to make the employee whole."

23. Plaintiff's statements to her employer as set forth in the General Allegations of this Complaint constitute protected activity under 31 U.S.C. § 3730(h).

24. In retaliation for Plaintiff's protected activity under 31 U.S.C. § 3730, Plaintiff was terminated from her employment on July 18, 2006.

25. As a direct and proximate result of Defendants' retaliatory conduct toward Plaintiff in violation of 31 U.S.C. § 3730(h), Plaintiff has

suffered substantial economic and non-economic injuries and damages, past and future, including, but not limited to:

    a. loss of employment

    b. loss of promotional opportunities

    c. loss of wages and earning potential, both in the past and in the future

    d. loss of pension rights and other employee benefits

    e. extreme embarrassment, humiliation, inconvenience, extreme mental anguish, outrage and indignity

    f. all other damages permitted by law to make Plaintiff whole

WHEREFORE, Plaintiff prays for Judgment against Defendants, jointly and severally, in whatever amount the Court or Jury determines to be fair, just, and adequate compensation for the injuries and damages sustained along with interest, costs, and attorney fees.

## COUNT II
## VIOLATION OF PUBLIC POLICY

26. Plaintiff incorporates paragraphs 1 through 25 of the complaint as if specifically repeated herein.

27. It is unlawful and in violation of the Public Policy of the State of Michigan for an employer to discharge or take other adverse action against an employee, because of the employee's exercise of a right conferred by a well established legislative enactment or because the employee objects to an refuses to participate in unlawful practices, or refuses to participate in

practices that she in good faith believes are unlawful, or acts in accordance with a statutory right or duty.

28. Plaintiff objected and refused to participate in Defendants' fraudulent and illegal activity of creating documentation after the fact for Medicare billing purposes including, but not limited to, patient evaluations, patient's plan of care, physician orders, submission of fraudulent Medicare form 485's, and representing on documents for Medicare billing purposes that patients were scheduled for therapy of ten or more visits, when such representation was false.

29. Defendants conduct that Plaintiff opposed and refused to participate in was illegal and in violation of the false claims act, 31 U.S.C. § 3729-3733, violation of 42 U.S.C. § 1320 a-7, b (a), 18 U.S.C. § 1347, 18 U.S.C. § 1035, 18 U.S.C. § 371, 18 U.S.C. § 287, 18 U.S.C. § 1001, and MCL 750.492a as well as other federal and state laws.

30. Defendants violated the Policy of the State of Michigan by terminating Plaintiff in retaliation for her objection to and refusal to participate in the unlawful practices as set forth in this complaint.

31. As a direct and proximate result of Defendants' retaliatory conduct toward Plaintiff in violation of the Public Policy of the State of Michigan, Plaintiff has suffered substantial economic and non-economic injuries and damages, past and future, including, but not limited to:

    a.    loss of employment

    b.    loss of promotional opportunities

    c.    loss of wages and earning potential, both in the past and in the future

    d.    loss of pension rights and other employee benefits

    e.    extreme embarrassment, humiliation, inconvenience, extreme mental anguish, outrage and indignity

    f.    exemplary damages

WHEREFORE, Plaintiff prays for Judgment against Defendants, jointly and severally, in whatever amount the Court or Jury determines to be fair, just, and adequate compensation for the injuries and damages sustained along with interest, costs, and attorney fees.

        Respectfully submitted,

        DIB, FAGAN AND BRAULT, P.C.

        By: _____
        Barry S. Fagan (P34275)
        Attorney for Plaintiff
        25892 Woodward Avenue
        Royal Oak, MI 48067-0910
        (248) 542-6300
Dated: October 16, 2006    bfagan@dibandfagan.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KATHERINE ELWELL,

    Plaintiff,

-vs-

FAMILY NURSE CARE, LLC,
FAMILY NURSE CARE II, LLC,
FNC ACQUISITION, LLC, and
U.S. MEDICAL MANAGEMENT, INC.,
jointly and severally,

    Defendants.
_____/

Case: 2:06-cv-14532
Assigned To: Feikens, John
Referral Judge: Majzoub, Mona K
Filed: 10-16-2006 At 04:21 PM
CMP ELWELL VS FAMILY NURSE CARE ET AL (LE)

Barry S. Fagan  (P34275)
DIB, FAGAN AND BRAULT, P.C.
Attorney for Plaintiff
25892 Woodward Avenue
Royal Oak, MI  48067-0910
(248) 542-6300
bfagan@dibandfagan.com
_____/

## PLAINTIFF'S DEMAND FOR JURY TRIAL

NOW COMES Plaintiff, by and through her attorneys, DIB, FAGAN AND BRAULT, P.C., and hereby demands trial by jury on the above matter.

    Respectfully submitted,

    DIB, FAGAN AND BRAULT, P.C.

    By: _____
    Barry S. Fagan  (P34275)
    Attorney for Plaintiff
    25892 Woodward Avenue
    Royal Oak, MI  48067-0910
    (248) 542-6300
    bfagan@dibandfagan.com

Dated: October 16, 2006

# CIVIL COVER SHEET

§JS 44 (Rev. 11/04)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
KATHERINE ELWELL

### DEFENDANTS
FAMILY NURSE CARE, LLC, FAMILY NURSE CARE II, LLC, FNC ACQUISITION, LLC and U.S. MEDICAL MANAGEMENT, INC., jointly and severally

(b) County of Residence of First Listed Plaintiff  Oakland County
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  Oakland County
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Barry S. Fagan (P34275)    Dib, Fagan and Brault, P.C.
25892 Woodward Avenue     (248) 542-6300
Royal Oak, MI 48067-0910

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Select One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☑ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Select One Box for Plaintiff and One Box for Defendant)

Case: 2:06-cv-14532
Assigned To: Feikens, John
Referral Judge: Majzoub, Mona K
Filed: 10-16-2006 At 04:21 PM
CMP ELWELL VS FAMILY NURSE CARE ET AL (LE)

## IV. NATURE OF SUIT (Select One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ■ 442 Employment | Habeas Corpus: | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Select One Box Only)
☑ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
31 U.S.C. §3730
Brief description of cause:
Retaliation

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ in excess of $75,000
CHECK YES only if demanded in complaint:
JURY DEMAND: ☑ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: October 16, 2006
SIGNATURE OF ATTORNEY OF RECORD [signature]

**FOR OFFICE USE ONLY**
RECEIPT # ____ AMOUNT ____ APPLYING IFP ____ JUDGE ____ MAG. JUDGE ____

County in which this action arose: Oakland County

**PURSUANT TO LOCAL RULE 83.11**

1. Is this a case that has been previously dismissed?  ☐ Yes  ☑ No

   If yes, give the following information:

   Court: _____

   Case No.: _____

   Judge: _____

2. Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)  ☐ Yes  ☑ No

   If yes, give the following information:

   Court: _____

   Case No.: _____

   Judge: _____

Notes :